IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                                       |   |                              |
|---------------------------------------|---|------------------------------|
| FREDIS RUBEN ORTEZ REYES              | : |                              |
|                                       | : |                              |
| v.                                    | : | Civil Action No. DKC 24-316  |
|                                       | : |                              |
| UNITED STATES CITIZENSHIP AND         |   |                              |
| IMMIGRATION SERVICES, et al.          | : |                              |

**MEMORANDUM OPINION**

Plaintiff Fredis Ruben Ortez Reyes filed this action on January 31, 2024, seeking declaratory and injunctive relief, essentially to vacate the denial of his wife Gloria Magaly Estrada Moreno's Refugee/Asylee Relative Petition (Form I-730) and to compel the United States Citizenship and Immigration Services to issue a new decision granting the Petition. (ECF No. 1). The complaint, filed by an attorney in Virginia, states that Plaintiff is a resident of Virginia and the Petition at issue was processed in Virginia.

On March 25, 2024, Defendants filed a motion to transfer this case to the United States District Court for the Eastern District of Virginia and to extend the date to respond to Plaintiff's complaint until sixty days after the court decides the motion to transfer. (ECF No. 6). Plaintiff filed an opposition on April 9 (ECF No. 7) and Defendants filed a reply on April 24, 2024 (ECF No. 8). No hearing is deemed necessary, Local Rule 105.6. For

the following reasons, Defendants' motion to transfer will be granted.

Since the United States Citizen and Immigration Services ("USCIS") relocated its headquarters from the District of Columbia to Maryland in December 2020, many types of immigration cases have been filed in this district solely because the headquarters are here.  In a comprehensive opinion, Judge Peter J. Messitte explained why a case brought by nearly 200 plaintiffs seeking expedited adjudication of their employment-based visa applications would be severed into individual actions and transferred to the federal district covering the service center or field office where each application was pending.  See *Chakrabarti v. USCIS*, No: 21-CV-1945-PJM, 2021 WL 4458899 (D. Md. September 29, 2021).  Several more cases involving visa applications were transferred for reasons stated in *Manne v. Jaddou*, No. 21-CV-1947-PJM, 2022 WL 102853 (D.Md. January 11, 2022).  See also, *Dhimar v. Blinken*, No. 22-CV-2175-PJM, 2022 WL 17540972 (D.Md. December 8, 2022)(noting that more than 40 lawsuits were filed in this district challenging allegedly unreasonable delay by U.S. consulates processing visas, all of which were transferred to the United States District Court for the District of Columbia).  Plaintiff asserts venue in this court, relying solely on the location of USCIS headquarters.

2

A plaintiff may bring a federal action against an officer or employee of the United States in "a judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action."  28 U.S.C. § 1391(e)(1).  28 U.S.C. Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Maryland is, by virtue of the location of USCIS headquarters, a viable venue for plaintiffs seeking to compel or review a decision on their petitions.  Defendants contend that Maryland is not the appropriate venue, however, because none of the claims relate to Maryland and the relief Plaintiff seeks will not take place in Maryland.

A party moving to transfer pursuant to § 1404 (a), "bears the burden to establish both (1) that the plaintiff could have brought the action in the proposed transferee court and (2) that the action should have been brought there.  *See Kontoulas v. A.H. Robins Co.*, 745 F.2d 312 (4th Cir. 1984); *Lynch v. Vanderhoef Builders,* 237 F.

3

Supp. 2d 615, 617 (D. Md. 2002)." *Manne,* 2022 WL 102853, at *6. As noted in that case and in *Chakrabarti v. USCIS*, 2021 WL 4458899, *3, a plaintiff can bring this type of case in the judicial district where the USCIS office adjudicating the petition is located or where the Plaintiff resides.  In this case, that would be Virginia.

In deciding a motion to transfer venue under Section 1404(a), the court must "weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988).  The host of convenience factors a court should consider include, *inter alia*, "(1) the plaintiff's choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; . . . [and (4)] avoidance of unnecessary problems with conflicts of laws." *Brown v. Stallworth,* 235 F.Supp.2d 453, 456 (D.Md. 2002) (*quoting Choice Hotels Int'l, Inc. v. Madison Three, Inc.*, 23 F.Supp.2d 617, 622, n.4 (D.Md. 1998) (internal citations omitted)).

Defendants contend that the appropriate venue for this action is the Eastern District of Virginia and that transfer there would make more efficient use of judicial resources, is in the interests

4

of justice, and is most convenient.  Plaintiff filed the I-730 Petition at issue at the Washington Field Office in Fairfax, Virginia, interviews were conducted at that office, and the denial decision was issued from that office.  The Fairfax, Virginia Office, also known as the Washington Field Office, is within the purview of the United States District Court for the Eastern District of Virginia.  All the documents supporting the petition, including the administrative record, are located there.  Maryland has no connection with this matter other than containing USCIS' headquarters.  Defendants also request an additional sixty-days to respond to Plaintiff's complaint.

Plaintiff argues that the denial of the I-730 Petition at issue was made based on policy determinations made by Defendants at the USCIS headquarters in Maryland and should be adjudicated where "the policy was crafted and implemented."  Plaintiff also asserts that it is unlikely that witnesses or evidence will be necessary to litigate the case.  Rather, Plaintiff contends that this case involves the interpretation of the Immigration and Nationality Act and will likely be decided on motions for summary judgment instead of trial.

Plaintiff also agrees to Defendants' request for a sixty day extension to respond to the complaint if the case is transferred

recognizing that new counsel likely will represent Defendants in the new venue. However, if the case is not transferred, Plaintiff requests that the court require Defendants' response to the complaint in fourteen days.

In their reply, Defendants observe that Plaintiff does not dispute that this action could have been brought in the Eastern District of Virginia. Defendants also identify other cases where courts have rejected similar arguments and mention three cases pending in this court filed by Plaintiff's counsel similarly raising national policy issues as the basis for venue in this district even though Plaintiffs reside in Virginia.

Defendants' motion to transfer will be granted. Plaintiff resides in Virginia, interviews were conducted at the Washington Field Office in Fairfax, Virginia where the administrative record is located, and the denial decision was issued from the same Washington Field Office. What is more, should the agency's decision be vacated, any new decision would occur in Virginia. Although the District of Maryland is a possible venue, it is not the proper or most convenient venue and is therefore an inconvenient and unsuitable forum to adjudicate Plaintiff's claims. Indeed, this judicial district presents no conveniences for Plaintiff.

After considering the parties' arguments and factors favoring transfer, this action will be transferred to the United States District Court for the Eastern District of Virginia.  Defendants' request for an additional sixty days to respond to Plaintiff's complaint will also be granted.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge